THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellant, *vs.* CLARA F. BASS, Appellee.

*Opinion filed April 21, 1928—Rehearing denied June 14, 1928.*

TAXES—*former illegal increase in valuation cannot be carried into succeeding year without notice.* Where the county court has held an assessed value illegal as having been increased without notice to the property owner the increased valuation cannot be carried into the succeeding year without notice, and the property owner's objection to the tax based thereon will be sustained although he did not, after the prior holding of the court that the valuation was unlawfully increased, make application to have it reduced. (*People* v. *Bender, post,* p. 446, followed.)

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

ROBERT E. CROWE, State's Attorney, ROBERT C. O'CONNELL, and JAMES F. CLANCY, (HAYDEN N. BELL, of counsel,) for appellant.

GORDON, ADAMS & KING, (ROBERT MCCORMICK ADAMS, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county treasurer and *ex-officio* county collector of Cook county made application at the June term, 1927, of the county court of that county for judgment with order of sale of the west half of lot 3, in block 94, in School Section addition to Chicago, for an unpaid balance of taxes in amount of $3400.68 alleged to be due thereon and delinquent for the year 1926. Objections were filed thereto by the owner, and the chief reason assigned therein was that there had been an unlawful increase in the assessment. Upon a hearing the objections were sustained and judgment entered accordingly. From that judgment the tax collector has perfected an appeal to this court.

The facts are stipulated and those material to the consideration of the case are substantially as follows: The board of review of Cook county in 1924 fixed for the purpose of taxation the full value of appellee's land and the improvements thereon at $197,994, and upon such basis the assessed value was fixed at $98,997. In the year 1925 the board of review, without giving notice to appellee as required by statute, increased the assessed value of the property to $135,495, upon which sum the general tax for 1925 was extended. Appellee paid to the county collector the amount of tax based upon the 1924 assessed valuation and which she claimed was all that was lawfully assessable against her property. The county collector returned the land delinquent for the unpaid balance of taxes for the year 1925, and at the June term, 1926, of the county court made application for judgment and order of sale against the property. Appellee filed her written objections thereto, among which were that the action of the board of review in increasing in 1925 the full value and assessed value of her property was without notice thereof to her as provided by statute and was therefore illegal and void. A hearing was had thereon, and the proof showed such increase had been made by the board of review without legal notice being given to appellee. The court sustained the objections for that reason and held the increase void. In 1926 the board of assessors of Cook county entered on the assessment rolls for 1926 the same increased assessed value as had been used for the extension of taxes for the year 1925, and the board of review confirmed the assessment without any notice to appellee. The owner of the property did not at any time appear before or give any notice to either the board of assessors or board of review for the purpose of having the 1925 assessment changed in accordance with the result of the hearing before the county court at the June term, 1926. Taxes for 1926 were extended upon the basis of the 1925 increased assessed value, and appellee paid to

the county collector for her 1926 taxes the amount of tax based upon the 1924 assessed valuation and which she claimed was the full amount of tax properly and lawfully assessable against her property for the year 1926. The county collector again returned the land delinquent for the unpaid balance of general taxes in amount of $3500.68 for the year 1926, and at the June term, 1927, of the county court made application for judgment and order of sale against the land and buildings thereon. Appellee filed her written objections thereto, which were, in effect, that the board of review had no authority in 1925 to increase the assessed value of appellee's property without notice, as required by statute; that the county court had determined at its June term, 1926, the question as to what was the legal assessment against this property for the quadrennial, and its judgment at that time was *res judicata* of the question again presented by objections, and that the board of assessors and board of review had acted illegally and contrary to the statute in fixing the assessment upon which taxes were to be based for the year 1926. The facts as stipulated also show that during the years 1924, 1925 and 1926 no physical changes occurred in the property, caused either by injury, alteration, improvement or addition thereto.

It is contended by appellant that the county court has no jurisdiction to hear or determine the question of the proper valuation of property under the jurisdiction of assessing officers until the objecting tax-payer has first sought and exhausted his remedy before the taxing body, and for that reason the county court should have sustained the motion of the collector to strike the objections of appellee from the files. Counsel for appellee contend that the mere question of valuation is not here involved but that the real question presented is whether the county court has jurisdiction to determine the validity or invalidity of a valuation as fixed by the assessing bodies. The position of appellee is that the increased assessment made by the board of review

in 1925 having been held illegal and void by the county court at its June term, 1926, then neither the board of assessors nor the board of review could adopt such illegal assessment for the 1926 tax, and any attempt by either of such boards to fix an assessment in excess of the valid assessment of 1924 could only be accomplished by notice to the tax-payer, and no such notice was ever given in this case.

The decision in this case is controlled by *People* v. *Bender*, (*post,* p. 446,) and no useful purpose would be accomplished in further elaborating upon what is said in that opinion.

The objections of the property owner were properly sustained, and the judgment of the county court will therefore be affirmed.

*Judgment affirmed.*